**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (Miami)**
**www.flsb.uscourts.gov**

IN RE:

S P INTERNATIONAL SERVICES LLC                    CASE NO. 11-38292-BKC-AJC
                                                  CHAPTER 7

Debtor(s)_____/

**SUMMARY OF FINAL FEE APPLICATION OF MARCUM LLP**
**ACCOUNTANT FOR CHAPTER 7 TRUSTEE**

1.    Name of applicant: ................................................................................Marcum LLP
2.    Role of applicant: ......................................................... Accountant for Trustee
3.    Name of certifying professional: ...............................................................John L. Heller
4.    Date case filed: .................................................................................October 12, 2011
5     Date of application for employment:............................................. April 19, 2012
6     Date of order approving employment:............................................. April 19, 2012
7     If debtor's counsel, date of Disclosure of Compensation form:......................................N/A
8     Date of this application: ..................................................................... June 12, 2014
9     Dates of services covered: ......................................May 15, 2012 – June 10, 2014
10.   If Chapter 7, amount Trustee has on hand..............................................................$839.15

       **Fees...**
11.   Total fee requested for this period (from Exhibit 1): ...........................................$9,852.50
12.   Balance remaining in fee retainer account, not yet awarded: .......................................$0.00
13.   Fees paid or advanced for this period, by other sources:................................................$0.00
**14.   Net amount of fee requested for this period: ......................................................$9,852.50**

       **Expenses...**
15.   Total expense reimbursement requested for this period:............................................$12.54
16.   Balance remaining in expense retainer account, not yet received: ...............................$0.00
17.   Expenses paid or advanced for this period, by other sources:......................................$0.00
**18.   Net amount of expense reimbursements requested for this period: ......................$12.54**
19.   Gross award requested for this period (#11 + #15):.............................................$9,865.04
**20.   Net award requested for this period (#14 + #18):..............................................$9,865.04**
21.   If <u>Final</u> Fee Application, amounts of net awards requested
      in interim applications but <u>not previously awarded</u>
      (total from History of Fees and Expenses, following pages): .....................................**$0.00**

**22.   Total fee and expense award requested (#20 + #21): ........................................$9,865.04**

## History of Fees and Expenses

First Interim Fee Application

1. Dates, sources, and amounts of retainers received: ...............................................................N/A
2. Dates, sources, and amounts of third party payments received: ...........................................N/A
3. Interim Fee Application dates of service: ............................................................................N/A
4. Date of first award: ...............................................................................................................N/A
5. Fees requested from Interim Fee Application: ..................................................................$0.00
6. Fees awarded: ....................................................................................................................$0.00
7. Holdback: ...........................................................................................................................$0.00
8. Expenses requested from Interim Fee Application: ..........................................................$0.00
9. Expenses awarded:.............................................................................................................$0.00
10. Holdback: .........................................................................................................................$0.00
11. Amount of fees actually paid: .........................................................................................$0.00
12. Amount of expenses actually paid: .................................................................................$0.00

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (Miami)**
**www.flsb.uscourts.gov**

IN RE:

S P INTERNATIONAL SERVICES LLC                      CASE NO. 11-38292-BKC-AJC
                                                     CHAPTER 7

Debtor(s)_____/

## SUMMARY OF FINAL FEE APPLICATION OF MARCUM LLP
## ACCOUNTANT FOR CHAPTER 7 TRUSTEE

COMES NOW JOHN L. HELLER, of Marcum LLP, ("Marcum"), and files this Final Application for Compensation of fees for services rendered and costs incurred in the S P International Services, LLC ("Debtor") Chapter 7 proceedings. This application is filed pursuant to 11 U.S.C. subsection 330 and Rule 2016, Federal Rules of Bankruptcy Procedure, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 216(B). The exhibits attached to this application, pursuant to the Guidelines, are: Exhibits "1-A" and "1-B" – Summary of Professional and Paraprofessional Time. Exhibit "2" – Summary of Requested Reimbursements of Expenses. Exhibit "3" – The Applicant's Complete Time Records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

**An order was entered on April 19, 2012 granting the retention of Barry E. Mukamal, CPA and Marcum LLP as accountants for the bankruptcy estate. Marcum ceased providing services on this case on April 30, 2014 with the exceptions of time incurred to transition to successor accountants and to comply with 11 U.S.C. §330. Barry E. Mukamal, Accountant in this case, is a retired partner of the accounting firm of Marcum, LLP as of May 1, 2014. Pursuant to the retirement agreement, Marcum is obligated and will remit to Barry E. Mukamal, CPA a portion of all fees awarded for time**

**billed on and after May 1, 2014 in other pending cases, but will not receive any continuing fees in this case.**

The applicant believes that the requested fee, of **$9,852.50** for **45.6** hours worked, is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), as follows:

1.     Barry E. Mukamal of Marcum was appointed to represent Ross R. Hartog, Chapter 7 Trustee, in connection with this case pursuant to an order entered by this Court on April 19, 2012. The services rendered on behalf of the Trustee have been performed by John L. Heller, Director; Cheryl A. Rawson, Senior Manager; David E. Arbeit, Kathy Foster, and Michael Joseph Ambrose, Managers; Elliot Rothstein, Financial Analyst; Lisa Owens and Lupe Arce-Solorzano, Associates; and Janice Murray Paraprofessional.

2.     The Applicant makes this Application for final compensation for professional services rendered in accordance with the above-mentioned employment. This application covers fees for services performed from May 15, 2012 through June 10, 2014. All services for which compensation is requested were performed for the benefit of the Debtor's Estate.

3.     No compensation has been or will be shared with any person or party, other than among principals and regular associates of the Applicant. No agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered or in connection with this case.

### CASE STATUS

4.     On October 12, 2011, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. Ross R. Hartog ("Trustee") was appointed the Chapter 7 Trustee of the Debtors estate. The Trustee currently has cash on hand in the amount of approximately $839.15.

5.     Amounts Involved and the Result Obtained. While performing his duties, Applicant has been involved in many aspects of this case. In particular, the Applicant has rendered consulting services to the Trustee in the following categories.

Case Administration

Applicant has rendered **2.6** hours amounting to fees of **$671.00** in the review of QuickBooks transactions and teleconference with counsel.

Fee Application

The Applicant has spent **3.5** hours amounting to fees of **$485.00** in the preparation and review of this final fee application.

Preference & Fraudulent Transfer Analysis

Applicant has rendered **22.7** hours amounting to fees of **$4,404.00** in preparing, reviewing and analyzing documents for preference and fraudulent transfers.

Tax Issues

Applicant has rendered **16.8** hours amounting to **$4,292.50** of tax services to the Trustee. Applicant prepared Tax Forms 1065 for the years 2011 and 2012 as well as extensions. Applicant also prepared responses to IRS and FLDOR Tax Notices.

6.      Time and Labor Required.  The actual time records maintained by each principal, associate, senior and staff accountant, and/or paraprofessional performing services for the Trustee fully document the **45.6** hours expended by the Applicant in performing the professional services on behalf of the Trustee on this matter through June 10, 2014.  These time records do not reflect every hour expended in matters such as telephone calls, routine correspondence, brief conferences and responses to taxing authorities and creditors requesting information concerning the status of these proceedings.  The time records do reflect the majority of the time expended in performing the services rendered to the estate.  A summary of the time reports is attached hereto as **EXHIBIT 1A**.

7.      Skill Requisite to Perform the Accounting Services Properly.  To perform the services and obtain the results previously enumerated above; the Applicant required substantial valuation skills, accounting skills, computer forensics skills, and experience in the bankruptcy arena.

8.      Preclusion of Other Employment by the Accountants Due to Acceptance of the Case. Applicant is aware of no other employment, which was precluded by the acceptance of this case. Had Applicant not accepted this appointment, the time spent on this case would have been devoted to other clients paying substantially the same hourly compensation on a current basis.

9.      Customary Fee. Applicant is normally compensated on an hourly basis and customarily bills commercial clients on a monthly basis, based on hourly rates scaled from $80 per hour for paraprofessionals to $475 per hour for partners.

10.     Whether the Fee is Fixed or Contingent. As accountant for the Trustee, Applicant's compensation for handling this matter is entirely contingent on Court approval and subject to such award as this Court may allow.

11.     Experience, Reputation and Ability of the Accountant. Applicant is an established, experienced firm well known to this Court. Applicant enjoys an excellent reputation and the individual accountants assigned to this case have demonstrated substantial ability and skill in the fields of accounting, forensic investigation, internal control, and taxation.

12.     Nature and Length of the Professional Relationship with the Client. The Applicant and/or his Firm have represented the Trustee in both Chapter 7 & 11 cases since 2014.

13.     Awards in Similar Cases. The amount prayed for by Applicant is not unreasonable in terms of awards in similar cases where comparable results have been obtained through the diligence and skill of the accountants. The fees requested by the Applicant, computed at the rates indicated in **Exhibit 1A**, comport with the economic spirit of the Bankruptcy Code.

14.     Applicant respectfully represents that the reasonable value of services rendered to the estate through June 10, 2014, taking into account the relevant factors summarized above, including without limitation the hours of recorded time expended, is not less than **$9,852.50** as illustrated by the **SUMMARY OF PROFESSIONAL AND PARAPROFESSIONAL TIME**

Case 11-38292-AJC    Doc 52    Filed 06/13/14    Page 7 of 15

**(Exhibit 1A)**, and reasonable costs of **$12.54** as further illustrated by the **SUMMARY OF REQUESTED REIMBURSEMENT OF EXPENSES AND DISBURSEMENTS (Exhibit 2).**

WHEREFORE, the Applicant moves the court for an award of compensation for services rendered as accountant to the Trustee for the period of time from May 15, 2012 through June 10, 2014, in the amount of **$9,852.50,** costs in the amount of **$12.54,** and holdbacks in the amount of **$0.00,** and further that the Court authorize the prompt payment of the total fees and costs of **$9,865.04** to Applicant upon entry of an appropriate Order.

Certification

1.     I have been designated by Marcum LLP (The "Applicant") as the professional with responsibility in this case for compliance with the current Mandatory Guidelines On Fees And Disbursements For Professionals In The Southern District of Florida Bankruptcy Cases (the "Guidelines").

2.     I have read the Applicant's application for compensation and reimbursement of costs (the "Application").

3.     To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4.     To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

5.     Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6.     In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7.     In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

8.      In seeking reimbursement for a service, which the Applicant justifiably purchased or contracted for, from a third party, the Applicant is requesting reimbursement only for the

amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9.      The trustee (if any), the examiner (if any), the chairperson of each official committee (if any), the debtor, the U.S. Trustee, and their respective counsel, will be mailed, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

10.     The following are the variances with the provisions of the Guidelines, the date of the specific Court approval of such departure, and the justification for the departure: NONE

I HEREBY CERTIFY that the foregoing is true and correct.

/s/ John L. Heller

Dated:  June 12, 2014          JOHN L. HELLER
                               Marcum LLP
                               450 E. Las Olas Blvd., 9th Floor
                               Ft. Lauderdale, FL  33301
                               (954) 320-8000 (954) 320-8001

**11-38292-AJC Notice will be electronically mailed to:**

Jaclyn Gonzalez on behalf of Trustee Ross Hartog
jgonzalez@mrthlaw.com, jbruner@mrthlaw.com;mrthbkc@gmail.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com

Diego Mendez on behalf of Debtor S P Intenational Services LLC
diego.mendez@mbdlawgroup.com,
ana.solano@mbdlawgroup.com;melissa.rake@mbdlawgroup.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Recovery Management Systems Corp
claims@recoverycorp.com

**11-38292-AJC Notice will not be electronically mailed to:**

Douglas C Hiller on behalf of Creditor Cell Town
1501 Venera Ave #1500
Coral Gables, FL 33146

Barry E. Mukamal

Kapila Mukamal LLP
One Southeast Third Avenue
Suite 2150
Miami, FL 33131

EXHIBIT 1A

Summary of Professional And
Paraprofessional Time

**Professionals**

| Name: | Title | Yrs. Exp Insolvency | Yrs. Exp Accounting | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|---|---|
| Cheryl A. Rawson | Senior Manager | 2 | 20 | 0.3 | 310.00 | 93.00 |
| David E. Arbeit | Manager | 18 | 30 | 9.5 | 250.00 | 2,375.00 |
| Elliott Rothstein | Financial Analyst | 2.5 | 35 | 13.1 | 150.00 | 1,965.00 |
| John L. Heller | Director | 18 | 18 | 1.5 | 305.00 | 457.50 |
| John L. Heller | Director | 18 | 18 | 5.0 | 340.00 | 1,700.00 |
| Kathy Foster | Manager | 20 | 25 | 0.8 | 250.00 | 200.00 |
| Kathy Foster | Manager | 20 | 25 | 6.2 | 265.00 | 1,643.00 |
| Lisa Owens | Associate | 5 | 5 | 0.3 | 130.00 | 39.00 |
| Lupe Arce-Solorzano | Associate | 1 | 10 | 2.2 | 80.00 | 176.00 |
| Lupe Arce-Solorzano | Associate | 1 | 10 | 3.0 | 105.00 | 315.00 |
| Michael Joseph Ambrose | Manager | 3 | 15 | 1.8 | 265.00 | 477.00 |
| Michael Joseph Ambrose | Manager | 3 | 15 | 1.3 | 280.00 | 364.00 |
| **Subtotals:** | | | | **45.0** | | **$    9,804.50** |

**Paraprofessionals:**
**Name:**

| Name: | Title | Yrs. Exp Insolvency | Yrs. Exp Accounting | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|---|---|
| Janice Murray | | | | 0.6 | 80.00 | 48.00 |
| **Subtotals:** | | | | **0.6** | | **$       48.0** |
| **TOTALS:** | | | | **45.6** | | **$    9,852.50** |

| | |
|---|---|
| **Total Hours by Professionals and Paraprofessionals:** | **45.60** |
| **"Blended" Hourly Rate:** | **$        216.06** |
| **Total Professionals and Paraprofessionals Fees:** | **$     9,852.50** |

EXHIBIT 1B

Summary of Professional And
Paraprofessional Time By
Activity Code Category

## ACTIVITY CODE CATEGORY:  Case Administration

| | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| David E. Arbeit | 1.2 | 250.00 | 300.00 |
| Michael Joseph Ambrose | 1.4 | 265.00 | 371.00 |
| **MATTER TOTALS:** | **2.6** | | $ **671.00** |

## ACTIVITY CODE CATEGORY:  Fee Applications

| | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| John L. Heller | 0.5 | 340.00 | 170.00 |
| Lupe Arce-Solorzano | 3.0 | 105.00 | 315.00 |
| **MATTER TOTALS:** | **3.5** | | $ **485.00** |

## ACTIVITY CODE CATEGORY:  Preference & Fraudulent Transfer Analysis

| | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| David E. Arbeit | 8.3 | 250.00 | 2,075.00 |
| Elliott Rothstein | 13.1 | 150.00 | 1,965.00 |
| Michael Joseph Ambrose | 1.3 | 280.00 | 364.00 |
| **MATTER TOTALS:** | **22.7** | | $ **4,404.00** |

## ACTIVITY CODE CATEGORY:  Tax Issues

| | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| Cheryl A. Rawson | 0.3 | 310.00 | 93.00 |
| John L. Heller | 1.5 | 305.00 | 457.50 |
| John L. Heller | 4.5 | 340.00 | 1,530.00 |
| Kathy Foster | 0.8 | 250.00 | 200.00 |
| Kathy Foster | 6.2 | 265.00 | 1,643.00 |
| Lisa R. Owens | 0.3 | 130.00 | 39.00 |
| Lupe Arce-Solorzano | 2.2 | 80.00 | 176.00 |
| Michael Joseph Ambrose | 0.4 | 265.00 | 106.00 |
| **Paraprofessionals:** | | | |
| Janice Murray | 0.6 | 80.00 | 48.00 |
| **MATTER TOTALS:** | **16.8** | | $ **4,292.50** |
| **TOTALS:** | **45.6** | | $ **9,852.50** |

EXHIBIT 2

Summary of Requested Reimbursement of Expenses
And Disbursements Prepared In Accordance With,
And Allowable Under The Guidelines For Fees And
Disbursements for Professionals

| | |
|---|---:|
| Delivery | 11.84 |
| Administration & Technology | 0.70 |
| **TOTAL GROSS AMOUNT OF REQUESTED DISBURSEMENTS:** | **$   12.54** |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| Category | Staff | Date | Time | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| Case Administration | Arbeit | 06/04/12 | 1.2 | 250.00 | 300.00 | Prepare vendor summary by amount from QuickBooks records. |
| Case Administration | Ambrose | 11/28/12 | 1.3 | 265.00 | 344.50 | Review file. Teleconference with counsel re: current status. |
| Case Administration | Ambrose | 02/05/13 | 0.1 | 265.00 | 26.50 | Review of file and request for status update from counsel. |
| **Category Subtotal** | | | **2.6** | | **671.00** | |
| Fee Applications | Arce-Solorzano | 06/02/14 | 0.3 | 105.00 | 31.50 | Download Billing Worksheet to start Final Fee Application |
| Fee Applications | Arce-Solorzano | 06/06/14 | 2.7 | 105.00 | 283.50 | Preparation of Final Fee Application and Exhibits thereto. |
| Fee Applications | Heller | 06/10/14 | 0.5 | 340.00 | 170.00 | Review Final Fee Application. |
| **Category Subtotal** | | | **3.5** | | **485.00** | |
| Preference & Fraudulent Transfer Analysis | Arbeit | 05/14/12 | 4.6 | 250.00 | 1,150.00 | Set-up and run QuickBooks reports of cash receipts and disbursements. Prepare bank account summary and review nature of activity and available information for planning preference and fraudulent transfer analysis. Review Petition/SOFA, invoices and docket. |
| Preference & Fraudulent Transfer Analysis | Arbeit | 05/15/12 | 0.5 | 250.00 | 125.00 | Run additional QBooks financial reports, including Vendor contact list. |
| Preference & Fraudulent Transfer Analysis | Arbeit | 05/16/12 | 1.5 | 250.00 | 375.00 | Telephone conference with J. Gonzalez regarding case & preference & fraudulent transfer analysis. Set up preference analysis and supervision of staff |
| Preference & Fraudulent Transfer Analysis | Rothstein | 05/21/12 | 6.3 | 150.00 | 945.00 | Begin w/ up bank for preference period |
| Preference & Fraudulent Transfer Analysis | Rothstein | 05/22/12 | 6.8 | 150.00 | 1,020.00 | Complete write up of 4 bank account transactions re preferences |
| Preference & Fraudulent Transfer Analysis | Arbeit | 05/22/12 | 0.2 | 250.00 | 50.00 | Review e-mail and analysis prepared by E. Rothstein. |
| Preference & Fraudulent Transfer Analysis | Arbeit | 06/18/12 | 1.5 | 250.00 | 375.00 | Review, consolidate and summarize 90 day disbursements and vendor purchases summary and provide to counsel. |
| Preference & Fraudulent Transfer Analysis | Ambrose | 10/08/13 | 1.3 | 280.00 | 364.00 | Prepare detail schedule of disbursements within 90 day look-back period for specific payees at counsel's request. |
| **Category Subtotal** | | | **22.7** | | **4,404.00** | |
| Tax Issues | Foster | 02/08/13 | 0.1 | 250.00 | 25.00 | Discuss/plan tax filings with MA |
| Tax Issues | Ambrose | 02/08/13 | 0.4 | 265.00 | 106.00 | Evaluate tax compliance requirements for 2012. |
| Tax Issues | Foster | 03/08/13 | 0.3 | 250.00 | 75.00 | Prepare 2012 extension(s), including research re FEIN |
| Tax Issues | Owens | 03/22/13 | 0.3 | 130.00 | 39.00 | Create file for Debtor in tax program. Prepare Extension. |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| | | | | | | |
|---|---|---|---|---|---|---|
| Tax Issues | Heller | 07/01/13 | 1.1 | 305.00 | 335.50 | Review tax and case status and correspond with Trustee's Counsel regarding same. |
| Tax Issues | Foster | 07/12/13 | 0.1 | 250.00 | 25.00 | Review 2012 tax info/case status w/MA |
| Tax Issues | Foster | 08/27/13 | 0.3 | 250.00 | 75.00 | Email from JH re: 2011-2012 tax return preparation and prepare Form 8821 for IRS call to determine entity type |
| Tax Issues | Heller | 08/27/13 | 0.4 | 305.00 | 122.00 | Continue to correspond with Trustee regarding income taxes. |
| Tax Issues | Foster | 09/02/13 | 0.5 | 265.00 | 132.50 | Gather documents re: 2012 tax return, open & review QuickBooks data |
| Tax Issues | Foster | 09/03/13 | 0.3 | 265.00 | 79.50 | Gather & print 2012 tax info and follow-up re: Form 8821 signature w/JH & Trustee |
| Tax Issues | Foster | 09/09/13 | 0.2 | 265.00 | 53.00 | Briefly review and save 2010 tax return received from IRS per telephone call |
| Tax Issues | Foster | 09/09/13 | 0.6 | 265.00 | 159.00 | Gather info for and telephone call with IRS to determine filing status and obtain copies of pre-filing tax returns |
| Tax Issues | Foster | 09/09/13 | 1.2 | 265.00 | 318.00 | Write-up 2011-2012 books for income tax return preparation |
| Tax Issues | Heller | 09/09/13 | 0.2 | 340.00 | 68.00 | Continue to coordinate income tax issues with Trustee. |
| Tax Issues | Foster | 09/10/13 | 2.3 | 265.00 | 609.50 | Prepare 2011-2012 tax returns and to CR for review |
| Tax Issues | Heller | 09/10/13 | 0.7 | 340.00 | 238.00 | Manager review of 12/31/2011 US Partnership Income Tax Return (Form 1065) along with applicable requests for prompt determination of tax liability under §505(b). |
| Tax Issues | Rawson | 09/10/13 | 0.3 | 310.00 | 93.00 | Review Tax Return |
| Tax Issues | Murray | 09/13/13 | 0.3 | 80.00 | 24.00 | Collate - 2011 1065 Tax Return |
| Tax Issues | Murray | 09/13/13 | 0.3 | 80.00 | 24.00 | Collate - 2012 1065 Tax Return |
| Tax Issues | Heller | 09/14/13 | 0.3 | 340.00 | 102.00 | Execution and final review of 12/31/2011 US Partnership Income tax return (Form 1065). |
| Tax Issues | Heller | 09/14/13 | 0.3 | 340.00 | 102.00 | Execution and final review of 12/31/2012 US Partnership Income tax return (Form 1065). |
| Tax Issues | Heller | 09/18/13 | 0.3 | 340.00 | 102.00 | Correspond with B. Mukamal regarding case and tax status. |
| Tax Issues | Heller | 10/30/13 | 0.3 | 340.00 | 102.00 | Review IRS tax correspondence and advise Trustee regarding same. |
| Tax Issues | Foster | 11/14/13 | 0.1 | 265.00 | 26.50 | Review/save JH email and attachment re: IRS notice re: Form 8821 |
| Tax Issues | Heller | 11/26/13 | 0.3 | 340.00 | 102.00 | Initial review of IRS response to 2011 PDL request. |
| Tax Issues | Foster | 12/12/13 | 0.1 | 265.00 | 26.50 | Discuss 2011 late penalty notice w/JH |
| Tax Issues | Heller | 12/12/13 | 0.5 | 340.00 | 170.00 | Review and research incoming IRS K-1 penalty assessment for 2011 |
| Tax Issues | Foster | 12/14/13 | 0.2 | 265.00 | 53.00 | Email IRS penalty notice re: 2011 and letter template to LA with instructions to prepare penalty letter |

EXHIBIT 3
The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| | | | | | | |
|---|---|---|---|---|---|---|
| Tax Issues | Arce-Solorzano | 12/16/13 | 0.7 | 80.00 | 56.00 | Correspondence with IRS regarding penalty notice |
| Tax Issues | Heller | 12/16/13 | 0.4 | 340.00 | 136.00 | Review response to IRS regarding 2011 K-1 penalty. |
| Tax Issues | Foster | 12/20/13 | 0.1 | 265.00 | 26.50 | Follow up re: 2011 1065 IRS penalty letter w/LA |
| Tax Issues | Heller | 01/03/14 | 0.3 | 340.00 | 102.00 | Review incoming IRS Notice of Intent to Levy and direct response thereto. |
| Tax Issues | Arce-Solorzano | 01/06/14 | 1.0 | 80.00 | 80.00 | Response to IRS Notice to Levy - 1065 2011 and file documents in Client's directory |
| Tax Issues | Heller | 01/07/14 | 0.5 | 340.00 | 170.00 | Continue to follow-up with IRS on Notice of Intent to Levy |
| Tax Issues | Heller | 01/16/14 | 0.4 | 340.00 | 136.00 | Write off - Continue to correspond with Trustee regarding IRS Notices of Intent to Levy. |
| Tax Issues | Foster | 02/19/14 | 0.1 | 265.00 | 26.50 | Review/save IRS penalty abatement notice |
| Tax Issues | Foster | 03/24/14 | 0.5 | 265.00 | 132.50 | FDOR notice re: 2012 Form F-1120 penalty; review and respond to FDOR (not required - is a 1065 filer) |
| Tax Issues | Arce-Solorzano | 03/25/14 | 0.5 | 80.00 | 40.00 | Process FLDOR Tax Notice |
| **Category Subtotal** | | | **16.8** | | **4,292.50** | |
| **Total Fees:** | | | **45.6** | | **$  9,852.50** | |

**Expenses**

| | | | | | |
|---|---|---|---|---|---|
| Delivery | 09/24/13 | 1 | 11.84 | 11.84 | FedEx Inv#2-410-00190  9/14/2013 |
| Administration & Technology | 12/03/13 | 1.0 | 0.70 | 0.70 | Pacer  charges 7/1/13 to 9/30/2013 |

| | |
|---|---|
| **Total Expenses:** | **$      12.54** |
| **TOTAL FEES AND EXPENSES:** | **$  9,865.04** |